■ JAMES E. COLEMAN, Appellant, v. BARBARA M. COLEMAN, Respondent. — Appeal from an order of the Supreme Court, Broome County Special Term, which vacated a judgment of absolute divorce upon the ground that the judgment was void *ab initio* because the court lacked jurisdiction over the infant defendant-respondent. The action for divorce was commenced October 1, 1952, by the service of a summons upon the defendant who at that time was 19 years of age. In response to the summons she petitioned the court for the designation of a person upon whom service of process could be made pursuant to section 225 of the Civil Practice Act, and also for the appointment of a guardian ad litem to protect her interests. In her petition she stated unequivocally that she had " no living mother or father or brother or sister or any other person upon whom process can be served ". Relying on these representations the court then made an order designating an attorney as a person upon whom the service of process could be made in her behalf, and appointed the same attorney as her guardian ad litem. The plaintiff's proof was thereafter taken and a judgment of divorce granted against the defendant. Defendant became twenty-one years of age on March 13, 1954. Some seven months later and on October 6, 1954, she moved for an order setting aside the judgment of divorce on two grounds: (1) that the court had no jurisdiction of her person at the time the divorce was granted and (2) that she and the plaintiff cohabited as husband and wife during the course of the action. She claimed in her supporting affidavit that at the time the action was commenced she had living parents who resided in Binghamton, New York. It is conceded that neither of the parents was served with a summons and complaint in the action for divorce. She also claimed that she was induced by the plaintiff to sign the affidavit which stated, among other matters, that she had no living mother or father, and that she did not know at the time that the affidavit contained such a statement. Her claim in this last respect is controverted by the attorney who was appointed her guardian ad litem

and designated as the person upon whom process could be served. The Special Term decided the matter upon affidavits alone which were conflicting in some important aspects. We think that a hearing should be held at which all aspects of the matter can be thoroughly explored. Order reversed, and matter remitted to Special Term for a hearing to determine all of the essential facts involved. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.